**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUCRETIA VELVET HENRY, | No. 22-15101 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00070-LEK-KJM |
| v. | |
| DENIS MCDONOUGH, Secretary of Veterans Affairs (Government Agency), | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 7, 2024**

Before: O'SCANNLAIN, FERNANDEZ, AND SILVERMAN, Circuit Judges.

Lucretia Henry appeals from the district court's grant of summary judgment

in favor of the defendant in her employment discrimination action. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment de novo, *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir 2005), and affirm.

Summary judgment was proper on the claims alleging discrimination in the hiring of Program Specialists. Henry failed to offer sufficient evidence to create a genuine issue of material fact about whether the defendant's legitimate, non-discriminatory reasons for hiring other candidates were pretext for discrimination. *See id.* at 1037 (setting forth the standard for pretext).

The district court properly granted summary judgment on the claims alleging that the verbal counseling was discriminatory. Henry did not establish two elements of her prima facie case — that the counseling was an adverse employment action and that "similarly situated individuals outside her protected class were treated more favorably." *See Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (setting forth the elements of a prima facie case and defining an adverse employment action as "one that materially affects the compensation, terms, conditions, or privileges of employment") (internal quotation marks omitted). Nor did Henry offer evidence to establish that the defendant's legitimate, non-discriminatory reason for the counseling was pretext for discrimination. Henry's subjective belief that the counseling was "unwarranted" is

insufficient to raise a genuine issue of material fact regarding pretext. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006).

Summary judgment was proper on the claims alleging that the denial of Henry's transfer request was discriminatory. Henry failed to prove two elements of her prima facie case — that she was "denied a transfer opportunity that her job actually promised" and that similarly situated employees not in her protected class were given preferential treatment. *See Campbell*, 892 F.3d at 1013, 1015 (setting forth the elements). Nor did she offer evidence to establish that her employer's legitimate, non-discriminatory reasons for denying the transfer were pretext for discrimination.

The district court properly granted summary judgment on the hostile work environment claim. Henry failed to establish that, because of her protected class, "she was subjected to unwelcome conduct that was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Id.* at 1016 (internal quotation marks omitted). Nor could Henry's employer be liable for the alleged co-worker harassment. Henry's supervisors were not involved in and did not witness the harassment. After Henry complained, her supervisors took "prompt corrective measures that were reasonably calculated to end" the alleged harassment by co-workers. *Id.* at 1017 (internal quotation

3

marks omitted); *see McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119 (9th Cir. 2004) (to hold an employer liable for harassment by a co-worker, who is not a supervisor, the plaintiff must show that "the employer knew or should have known of the harassment but did not take adequate steps to address it.").

**AFFIRMED.**